UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
FLORIDA

Civil Action No. _____

PETER LETTERESE, )
BARBARA FAWCETT, )
                  Plaintiffs, )
)
vs. )
)
)
UNITED STATES OF AMERICA, )
)
                  Defendant. )
_____ )

## PETITION TO QUASH SUMMONS

    Plaintiffs, PETER LETTERESE and BARBARA FAWCETT, file this Petition to Quash Eight (8) Internal Revenue Service Summons', and as grounds therefor does state:

    1.    This Court has jurisdiction pursuant to Internal Revenue Code Section 7609(h), namely, that the Summons is returnable in this District, as well as 28USC 1331 and 1346.

    2.    Venue is proper in this court pursuant to 28 USC 1396.

    3.    Plaintiff, PETER LETTERESE, 14581 Old Sheridan Street, Southwest Ranches, FL 33330, received, by certified mail on March 26, 2011 notice that six (6) Internal Revenue Service Summons', Forms 2039, were issued to Bank of America, Community Bank of

1

Broward, Regions Bank, Wachovia Bank, Amsouth and Equifax Credit Bureau, all of which seek records pertaining to him.

Copies of each summons are attached as Exhibits 1-6.

4. Plaintiff, BARBARA FAWCETT OF 18031 SW 70th Place, Southwest Ranches, FL 33331 also received, by certified mail on March 23rd, 2011 and notice that two (2) Internal Revenue Service Summons', Forms 2039, were issued to Wachovia Bank, and Equifax Credit Bureau, all of which seek records pertaining to her. Copies of each summons are attached as Exhibits 7-8.

5. Such summons' demand collectively the production of 8 categories of extensive records from five (5) banks and a credit reporting agency, six for Plaintiff Letterese, two for Plaintiff Fawcett. Special Agent Liliana Nin had already summoned and reviewed the records from the same banks for tax years 2006-2008. In a prior discussion with undersigned counsel, Ms. Nin had said she was "only interested" in the years 2007-2009.

6. The records provided no basis for continuing this Criminal Investigation ("CI"). Ms. Nin had summoned Plaintiffs to provide detailed documentary information by March 4, 2011, which they did; and appear for questioning, which they did.

7. The very next day, March 21, 2011, she caused these new summons' to be issued.

8. Plaintiffs, (by and through counsel have offered through counsel to discuss their case in detail with IRS, if IRS would roll the Criminal Investigation back to an audit. Plaintiffs suggested that if upon completion of the audit the IRS believed they have the basis for referring the case to CI the designated IRS Auditor could do so, armed with his/her findings. This case

2

did not come to CI, through "normal channels"[1], from an auditor, but upon information and belief from counsel (Alan Perlman, formerly of now defunct Adorno & Yoss, LLC and now relocated at the law firm Roetzel & Andress), and personnel associated with the Church of Scientology, as alluded to in open court during Plaintiff's bankruptcy proceeding.[2] The fact that Plaintiff's are involved in protracted litigation against the Church of Scientology is no surprise to the IRS.[3] The fact that IRS took the ball from Mr. Perlman for the Church of

---

[1] This was determined by the Plaintiffs consulting FOIA documents obtained by Plaintiffs only after an arduous more than one-year effort to exercise their rights to acquire the contents of their IRS files. Voluminous documentation was provided to IRS Disclosure, a lawsuit had to be filed at one point and generally there was a discernible level of stonewalling on both time and content.

[2] During Oct-Nov 2009 discussions about the purchase of the Corporate Chapter 7 Assets in the Creative Desperation, Inc. Bankruptcy, CASE NO. 08-019067-JKO, before The Honorable John K. Olson presiding, Perlman, in opposition to the purchase, declared to the Court that the Plaintiffs in the instant matter were "tax evaders" (offering neither valid-by-statute proof nor any finding of the IRS to back his assertions) and that the asset purchase under discussion, toward which Plaintiffs eventually paid into the Court $250,000, should not be permitted. Within days, after no contact for over 3 years, IRS suddenly commenced a Criminal Investigation first against Plaintiff Fawcett. Soon after, it added Plaintiff Letterese. FOIA Documents obtained show both documents in existence AND documents withheld (under IRS Exemption Rules) which indicate the presence of sudden and unexplained letters to the IRS from an outside source. Plaintiffs are separately appealing the exemption of those documents congruent with this Petition to Quash Summons on the grounds herein cited.

[3] Plaintiffs originally filed for a Chapter 11 Reorganization for their Corporation in July 2008. When Scientology made clear, August-Sept 2008, in court documents and hearings that they intended to pressure the Court to convert this case to a Chapter 7 (because primary assets of the Debtor included a $250 million Civil RICO Case against them plus a contemporaneous $250 million suit for due process denial; Scientology hoping to avert having to face these claims), Plaintiffs, whose intent was indeed to reorganize their business, which had been destroyed by a far-flung, cross-continent conspiracy by this very same Scientology conglomerate (outlined in detail in the very same RICO complaint), were so committed to this reorganization that they instructed counsel noted below and their Bankruptcy Counsel, Charles Franken, esq., to <u>meet in person with IRS officials at the Plantation, FL office in the hopes of gaining support from the IRS to avert the conversion.</u> (Note: Plaintiffs have had a disputed tax bill dating back to 1997, which they believe they have paid not once but twice in fact in FULL to the IRS, but which they planned by virtue of

3

Scientology and other <u>lawyers</u> (both from FOIA Records and upon information and belief), and "ran with it", is why Plaintiffs call into question the motives of the government and its relationship with the Church of Scientology. The more the government tries to sink its teeth into Plaintiffs without taking the more normal and typical path of commencing an audit first (especially given Plaintiffs' agreement to answer every question if the case were properly redirected which it should have been in the first place)[4], the more it seems evident that Scientology is

---

their reorganization to pay off and then dispute to a resolution and refund, etc..) Their request for help from the IRS was in this pursuit. Notes from that meeting were finally obtained in Dec 2010 under the FOIA Legislation after a one-year delay, documenting that IRS Bankruptcy Specialist, Earline Session on 9-8-2008, made an entry into the file concerning this meeting, saying there'd be no need for the IRS to so appear as Plaintiffs were requesting, since from a review of the docket, **<u>she strongly believed that no conversion would/should take place.</u>** Yet, under the pressure of Perlman for Scientology, a conversion did take place. Note at this time, in an adversary matter related to this Bankruptcy, Adv. Case No. 09-01649-BKC- JKO-A, Plaintiffs have for a second time requested the recusal of The Honorable Judge Olson for reasons cited in the attached Motion and Affidavit so requesting, which are attached as Exhibits 12 & 13; which interlock and cross-reference the elements of the instant Petition. Taken together with the information obtained under the FOIA Legislation, there appears a clear path between Mr. Perlman and other <u>lawyers</u> involved in the Bankruptcy case and the harassment detailed in this Petition. Plaintiffs, to say it plainly believe there has been bad faith as well as illegal and improper complicity between the parties and entities herein described.

[4] Very Noteworthy is the fact that the alleged issues that Ms. Nin has informed Plaintiffs' counsel, are "under review" here by CID may be described accurately by all the following descriptives: A) They do not refer to any "criminal behavior" that undersigned counsel is aware of as designated "criminal" by the IRS Code, nor that Ms. Nin has identified either in deliberations with Plaintiffs' counsel or in her inquiries on March 21, 2011 when Plaintiffs appeared … (Note: Plaintiffs believe Perlman and other <u>lawyers</u> meant to cast them in a "criminal" light <u>using the IRS as its foil</u> possibly through an <u>inside agency employee acting as a "mole"</u>, to try to benefit Scientology in pursuit of its desired outcome in the aforementioned Bankruptcy and Adversary cases – see Attached Affidavit of Plaintiff Letterese); B) Their allegedly "under investigation" actions were fully described in detail in person in undersigned counsel's presence to IRS Plantations Office Collections Officer aka William Smith in 2005 – and was never again challenged nor mentioned by him to counsel thereafter, including extensive notes in the FOIA records obtained which show "the Collection Case" had subsequently been "closed" prior to Fall 2009. Plaintiffs believe Perlman and other <u>lawyers</u> used "inside influence" to "re-open the case". It should be noted the Scientology Executive directly

4

behind it.

9. During the course of discussions between Special Agent Nin and undersigned counsel, at a point when the acquisition by Plaintiffs of the documents requested by IRS, were in late 2010-early 2011 in doubt due to storage misplacements, I informed Ms. Nin, that if she is actually looking for information, Plaintiffs, by order of the Bankruptcy Court, had turned over what was estimated from memory to be as many as 14,000 pages of documents to Church of Scientology Creditor Bankruptcy counsel Alan Perlman. Additionally, I had written to Mr. Perlman directly, on October 6, 2010 requesting that he voluntarily copy at Plaintiffs' expense to be paid in advance of his incurring any costs, turn over these records, but he ignored my request, never replying either in the positive or the negative. A copy of such request is attached as Exhibit 9. I wrote to Mr. Daniel W. Auer, Special Agent in Charge, of the South Florida Criminal Investigations Division, on November 4, 2011, pointing these same issues out. A copy of the letter to Mr. Auer is attached as Exhibit 10. Mr. Auer also did not respond to my request that these records be summoned from Mr. Perlman. To date the 14,000 pages of documents in the hands of Mr. Perlman have never been summoned by IRS.

10. I sought to inform Mr. Maurice Forbes, Ms. Nin's manager of Ms. Nin's bias

---

supervising Perlman in person at almost every Bankruptcy Hearing, and present in person, supplying Perlman with questions; in the Bankruptcy depositions which immediately preceded by a handful of days only, the "investigation" of Plaintiffs commenced in late 2009, is **one Attorney Kendrick Moxon of Los Angeles, California who was formally named as an unindicted co-conspirator in 1977 for having lied to the FBI and presenting it with false evidence, in a criminal case which <u>sent Scientology's Founder Hubbard's wife (Mary Sue Hubbard) and 9 other Scientology top-level personnel to Federal Prison</u>** for infiltrating dozens of Government agencies and stealing real, and inserting false documents from and into U.S. government files!

against Mr. Letterese, but he ignored my numerous telephone calls. I wrote to Ms. Kimberly Lappin, Mr. Forbes manager, on April 6, 2011 to inform her of my concerns. To date I've not received a response. A copy of such letter is attached as exhibit 11.

11. This case is not a simple matter. The protracted litigation between the Plaintiffs and Scientology included Scientology's claims in the aforementioned Bankruptcy cases. In the course of this litigation, and on information and belief of Mr. Letterese, Mr. Perlman and other lawyers, as counsel for the Church of Scientology, provided false and misleading information through its sympathetic internal sources, within IRS, to pressure Cl to investigate Mr. Letterese, and related parties. It has long been believed by Mr. Letterese and many other reputable people, that Scientology and the IRS made an inappropriate and illegal deal in which Scientology was granted Section 501(c)(3) status as a qualified charitable organization, and further, that Scientology still, through individuals like Attorney Kendrick Moxon and ever since that (upon information and belief) pressuring/possibly-rising-to-the-level-of-extorting that 1993 One-Of-A-Kind Federal Tax Exemption, has maintained inappropriate and illegal contacts within certain individuals within and unknown to the majority of the honest and loyal employees of IRS, with and upon whom they enjoy and can and do exert undue influence.

12. In *U.S. v. Equitable Trust Cn.,* 611 F.2d 492(4'h Cir. 1979), the court held that a person named in a summons could challenge the good faith of IRS in its investigations.

WHEREFORE, Plaintiff prays this Court:

6

(1)   to quash the IRS summons' served on the five (5) banks and one (1) credit reporting agency for both Plaintiffs, and

(4)   grant other and further relief as this Court may deem just and proper.

Dated: April 11, 2011
Hollywood, FL

Respectfully submitted,

_____
IRA L. ZUCKERMAN
(402702)
Taxmaniandevil@bellsouth.net
Ira L. Zuckerman, P.A.
601 S. Ocean Drive
Hollywood, FL 33019
Phone (954)922 1975
Fax (954)922-1976
Attorney for Plaintiff

7

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served by U.S. Mail, certified/return receipt requested on. April 11, 2011 on all counsel or parties of record on the attached service list.

IRA L. ZUCKERMAN, P.A.

By_____
IRA L. ZUCKERMAN

SERVICE LIST

## Civil Action No.

_____

Eric H. Holder
U.S. Attorney General
Department of Justice
950 Pennsylvania Avenue, NW
Washington DC 02530
(202) 514-2001 (main)
(202) 307-6777 (fax)


Commissioner of Internal Revenue
Attention: CC: PA: Br 6/7
1111 Constitution Avenue, NW
Washington, DC 20224

Jeffrey H. Sloman, Esq.
United States Attorney
Office of the United States Attorney
for the Southern District of Florida
500   E.   Broward   Blvd.
Ft. Lauderdale, Fl. 33394
(954) 356-7255
Fax (954) 356-7336


Liliana Nin, Special Agent
Internal Revenue Service
51 SW 1st Avenue
Room 931, Box 60
Miami, FL 33130
(305) 982-5357
Fax (305) 982-5249